## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD BAYLISS )<br>    Route 3 Box 456 )<br>    Broken Bow, OK 74728 )<br>             )<br>      Plaintiff, )<br>             )<br>      v. )<br>             )<br>OKLAHOMA DEPARTMENT OF )<br>TRANSPORTATION )<br>    220 NE 21st Street )<br>    Oklahoma City, OK 73105 )<br>             )<br>      Defendant )  | Civil Action No. CIV-13-1020-W |

## COMPLAINT

### Introduction

1.   Plaintiff, Richard Bayliss, by and through his attorney Troy Gaston, brings this action pursuant to the Age Discrimination in Employment Act, 29 USC §621, et seq., to remedy acts of employment discrimination and retaliation perpetrated against him by the Oklahoma Department of Transportation (ODOT).   Plaintiff contends that ODOT officials discriminated against him by passing over him for numerous job promotions because of his age (over 40). Plaintiff further asserts that management retaliated against him for having filed a workman's compensation claim related to a work related injury he sustained in 2005 while working for ODOT.

### Jurisdiction

2.   This court has jurisdiction in as much as Plaintiff's claim arises under the

Age Discrimination in Employment Act, 29 USC§ 621, et. seq., (hereinafter: "The Act") and the Plaintiff's claim of retaliation for filing a workman's compensation claim is proper under the doctrine of pendent jurisdiction.

3.   Defendant is a State Agency doing business in this jurisdiction and has the requisite number of employees to be subject to liability under the Age Discrimination in Employment Act, 29 USC§ 621, et. seq.

## Venue

4.   The Plaintiff is a citizen and resident of Broken Bow, Oklahoma, and has been at all times relevant to this cause of action.

5.   Venue is proper in this court in as much as the parties reside or do business within the district in which this court sits and a substantial number of events giving rise to this cause of action occurred in this venue.

## Parties

6.   Plaintiff, Richard Bayliss, who is at least 40-years old, is a citizen of the United States and a resident of the State of Oklahoma. At all times relevant to this suit he was employed with ODOT.

7.   Defendants, Oklahoma Department of Transportation, is a state agency organized under the law of the state of Oklahoma.

## Statement of Facts

8.   Plaintiff, Richard Bayliss, is employed as a Maintenance Worker II with the Oklahoma Department of Transportation.

9.   Plaintiff was first hired in 1990 as a Maintenance Worker I and has been an

employee of Defendant since that date.

10. Plaintiff has consistently been declined numerous job promotions in favor of employees lesser in age and with far less experience and qualifications. Plaintiff is over 40 years of age. The actions set out herein amount to an adverse employment action pursuant to The Act. These allegations are examples and are not exhaustive.

11. In April of 2012 Curtis Jameson was promoted to Maintenance Worker III above Plaintiff even though Plaintiff had obtained 20 years' experience and more certifications than Mr. Jameson. Also, in 2008 Kenneth Helms was promoted from Maintenance Worker II to Maintenance Worker III after only one year's time; whereas Plaintiff was qualified and had applied for the position with more experience.

12. Upon being looked over for positions and promotions in favor of younger, less experienced co-workers and suffering other negative comments from supervisors, Plaintiff filed the appropriate grievances with the Equal Employment Opportunity Commission (EEOC). Plaintiff filed his notice with the EEOC within 180 days of the discriminatory act and is filing this Complaint within 90 days of having received notice of right to sue on July 11, 2013.

13. While an employee of Defendant, Plaintiff suffered a work related injury that was covered under the workman's compensation laws of the State of Oklahoma in 2005.

14. Plaintiff was entitled to workman's compensation benefits, and did receive benefits in response to his work related injury from the State of Oklahoma, but has since been discriminated against and retaliated against by Defendant.

15. On or about December 3, 2008, Plaintiff's supervisor, Roger Chapman, directly

stated to Plaintiff that he would never advance from his current position as long as he worked for Defendant because he filed a claim for benefits for his work related injury.

16. Since December 3, 2008, Plaintiff has applied for and been denied promotions and other advancements numerous times despite being highly qualified and possessing more than adequate experience for the positions. Plaintiff has been discriminated against for filing a workman's compensation claim as recently as 2012. These actions are in violation of Oklahoma law banning discrimination on such a basis.

17. The Plaintiff has suffered lost wages, lost benefits and will continue to suffer lost wages and benefits in the future as a result of the acts of discrimination described herein.

## Count One

### (Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) 29 USC 621)

18. The foregoing paragraphs are realleged and incorporated by reference herein.

19. The Defendant's conduct as alleged above constitutes discrimination based on Age Discrimination in violation of ADEA. The Defendant's conduct was caused by discriminatory animus based upon the Plaintiff's age.

## Count Two

### (Retaliation for Filing Workman's Compensation Claim)

20. The foregoing paragraphs are realleged and incorporated by reference herein.

21. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because he filed for and was entitled to workman's compensation benefits.

## Prayer for Relief

**WHEREFORE,** the Plaintiff prays for a judgment of this court in his favor and against the Defendant for:

    (a) violations of the Age Discrimination in Employment Act;

    (b) retaliation against the Plaintiff for filing a workman's compensation claim;

    (c) and damages;

    (d) or in the alternative for an award of damages in the amount of $500,000.00 for back pay, front pay, lost benefits, lost retirement contributions, punitive damages and attorney's fees.

## JURY DEMAND

Plaintiff requests trial by jury.

**RESPECTFULLY SUBMITTED,**

**RICHARD BAYLISS, PLAINTIFF**

By: _____
                                     **Troy Gaston**

**WALTERS, GASTON,
ALLISON & PARKER
1405 WEST CENTER, 3RD FLOOR
GREENWOOD, AR 72936
(479) 996-2100**